## ÆTNA LIFE INS. CO. v. LEVEY.

District Court, W. D. Missouri, W. D.
July 26, 1929.

No. 959.

Morrison, Nugent, Wylder & Berger, of Kansas City, Mo., for plaintiff.

Ringolsky, Friedman, Boatright & Jacobs, of Kansas City, Mo., for defendant.

REEVES, District Judge. Plaintiff has filed its bill in equity to cancel two contracts or policies of insurance issued by it, in the sum of $5,000 each, upon the life of Joseph Levey. These policies were dated August 15, 1927. Cancellation is sought upon the grounds that the insured made false statements and returned untrue answers in his application for said policies, and particularly in his answers to the medical examiner of plaintiff.

The defendant, in substance, admits the untruthful nature of said statements and answers, but asserts that thereafter the plaintiff made an independent examination and full inquiry into the facts, and became fully acquainted with all the particulars relating to the subject of such untruthful statements and answers. By a cross-bill, defendant alleges that the insured has deceased, and that the benefits promised under said policies have matured, and she asks for judgment for the full amount thereof, together with her costs, damages, and a reasonable attorney's fee.

Originally the insured applied for one policy in the sum of $5,000. After an examination by plaintiff's medical examiner, and an approval of said application, two policies were issued and delivered to the insured, in the sum of $5,000 each. The insured objected to certain disability provisions in said policies, but, with the elimination thereof, agreed to take both policies. Accordingly he paid the premiums to plaintiff's soliciting agent.

However, before said agent had delivered said premiums to plaintiff's general agent in Kansas City, plaintiff received information to the effect that the assured was "suffering from aortitis." This information was communicated to the home office of the plaintiff by letter dated October 12, 1927. On October 15, 1927, the plaintiff's general agent at Kansas City was instructed to "hold policies Joseph Levey." On October 17, 1927, the general agent at Kansas City wired the plaintiff as follows:

"Policy * * * Levey paid for and delivered before wire of fifteenth arrived."

Thereupon the home office wrote its general agent at Kansas City, under date of October 19, 1927, as follows:

"We have received your wire dated October 17th, in which you advise that the above numbered policies were delivered and paid for before our telegram of October 15th arrived. We are conducting an investigation of some unfavorable information which we have received and when our file is completed, we will advise you further in this matter. If any opportunity for recovering these contracts should present itself, an effort should be made to obtain possession of them."

The investigation then conducted by the plaintiff brought numerous reports to its home office, including an exhaustive report from a credit agency in Kansas City, a report from its general agent and from its soliciting agent, who obtained the application, as well as a report from its medical examiner, who had been instructed to make a further examination of the insured. These reports advised the plaintiff of the physical condition of the insured at the time he applied for the insurance, and supplied the truth in matters covered by the false statements and answers.

Plaintiff's medical examiner not only reexamined the insured, but consulted with Dr. Owen Kruger, the personal physician of the insured. Dr. Kruger, who testified in the case, said that he told plaintiff's medical examiner that the insured was suffering with aortitis and other maladies. After what appeared to be an exhaustive investigation, conducted from the home office of the plaintiff at Hartford, Conn., on November 22, 1927, the plaintiff wrote its general agent at Kansas City as follows:

"We have now completed our files in the above case, *and the entire facts have been submitted to the proper authorities who advise that we may approve the policies as originally written. The contracts may be continued.* Also, we wish to take this opportunity to thank you for cooperating with us in obtaining the additional information required for a decision."

A decision of the case requires a determination of the question as to whether the plaintiff waived the false statements and untrue answers made by the insured in his ap-

plication for the insurance. It is unnecessary to quote pertinent provisions of the policies, for the reason that it is admitted that the false statements and untrue answers returned by the insured were sufficient to avoid the obligations of the contracts. If, therefore, the policies were in force at the time of the death of the insured, it was on account of a waiver by the plaintiff.

■ ■ 1. Plaintiff had information of the falsity of the answers made by the insured in his application by letter dated October 12, 1927. This letter definitely advised plaintiff that the insured was "suffering from aortitis." The insured died of this disease. Plaintiff then sought to hold up delivery of the policies, and on its own account conducted an exhaustive investigation. It no longer relied on the truth of the statements made by the insured in his application. The insured understood from the acts of the plaintiff that it was no longer depending upon his statements in his application, but would only be satisfied with his insurability from independent sources. The insured readily submitted to further examination, and permitted inquiry of his personal physician relative to his physical condition. Plaintiff obtained information regarding the insured's physical condition from many different sources. It came into possession of all the facts which were concealed in the application. It advised the general agent at Kansas City on November 22, that "the entire facts have been submitted to the proper authorities, who advise that we may approve the policies as originally written."

It is obvious, not only from the evidence, but from the statement of the plaintiff, that it was in possession of all the facts which truthful answers by the insured would have disclosed. It is fundamental "that the acts relied on as indicative of a waiver should have been done by the insured with full knowledge of the facts, giving it a right to treat the policy as unenforceable." The above principle is applicable in this case, and when so applied the plaintiff must be treated as having waived the facts which originally gave it the right to treat the policies as unenforceable. Cancellation will be denied.

■ 2. Defendant has asked the court to enter judgment upon said policies. It has the right to do this in an equitable proceeding, upon the maxim that "equity delights to do justice and not by halves." The evidence showed that defendant had met all the requirements of the policies in the matter of proofs, etc. The court, having taken jurisdiction in the equitable proceeding, will de-termine all questions involved. Accordingly a decree will be entered on behalf of the defendant for recovery of the face amount of the said policies, with interest from the date on which said benefits should have been paid, and in accordance with the prayer of the cross-bill.

■ 3. The court should not allow damages in favor of the defendant, as provided for under a Missouri statute. Originally the insured deceived the plaintiff with respect to said insurance. The plaintiff had a right at that time to rescind and cancel said policies. Its conduct upon discovery of said fraud and deceit amounted to a waiver of its rights. This became a legal question for the determination of the court, and was of such nature as to preclude a successful charge of vexatious refusal to pay. In view of the above, an appropriate decree will be entered, dismissing plaintiff's bill for want of equity and allowing recovery on behalf of the defendant for the full amount of said insurance, and for her costs.

Plaintiff has requested the court to make certain findings of fact and conclusions of law. These requests have been appropriately marked. To the requests given, defendant will be allowed an exception, and to those refused plaintiff will be allowed an exception.